[Crim. No. 1314. In Chambers.—July 17, 1907.]

## Ex Parte J. P. MOGENSON, on Habeas Corpus.

HABEAS CORPUS—REMAND BY DISTRICT COURT OF APPEAL—SUBSEQUENT
APPLICATION TO SUPREME COURT.—Since the amendment of March
18, 1907, to section 1475 of the Penal Code, after the district court
of appeal has by the unanimous decision of the three judges re-
manded a prisoner on *habeas corpus*, a single justice of the supreme
court cannot issue a new writ upon a similar petition returnable
before himself, and upon the hearing overrule the decision of the
district court of appeal and discharge the prisoner. Under that
section, as amended, it is only when a single judge of that court
has remanded a .prisoner that a single justice of the supreme court
may overrule his decision upon the return of a new writ issued
by him; but when the order of remand has been made by the
district court of appeal the new writ, if issued at all, must be made
returnable before the supreme court in Bank, where alone rests an
authority superior to that of the district court of appeal, and
where alone its decisions can with any propriety be corrected or
reviewed.

APPLICATION for a Writ of Habeas Corpus directed to
the Sheriff of Santa Clara County.

The facts are stated in the opinion of the court.

A. H. Jarman, for Petitioner.

R. R. Bell, City Attorney, and Beasley & Fry, for Re-
spondent.

BEATTY, C. J.—The petitioner was convicted upon a
charge of violating an ordinance of the town of Los Gatos
prohibiting the sale of intoxicating liquors. He sued out a
writ of *habeas corpus* from the district court of appeal for the
purpose of testing the validity of the ordinance, the sufficiency
of the complaint to state a case within the terms of the ordi-
nance, and the sufficiency of the judgment to show a convic-
tion of the offense, if any offense was charged. After a hear-
ing upon the return of the writ, that court, in an opinion filed
May 27, 1907, overruled all the objections to the validity of
the ordinance and the regularity of the proceedings under it,

and remanded the prisoner to the custody of the sheriff of Santa Clara County, by whom he was detained in execution of the judgment.

Subsequently a petition was presented to me based upon the same objections to the legality of the imprisonment that had been considered and overruled by the district court of appeal. Counsel, however, in presenting the petition to me, as chief justice of the supreme court, did not intend or expect that I should by myself review and overrule the decision of the district court of appeal. His desire and request was that I should issue the writ and make it returnable before the court in Bank, as I have the power to do under section 4 of article VI of the constitution, and section 1475 of the Penal Code. (See Pen. Code, sec. 1475, as amended March 18, 1907,—Stats., 1907, p. 560.)

For the future guidance of the profession in similar cases, I have deemed it important to state the reason why this course was not pursued. The authority of one justice of this court to make a writ of *habeas corpus* issued by himself returnable before the whole court was formerly exercised with great freedom—so much freedom, indeed, as to result in a serious detriment to the more important business of the court. It was a favorite method with certain practitioners to present their petitions to some one justice, and often to several different justices in succession, asking for a writ returnable before the court, and if they could get the writ allowed in that way the whole court would be compelled on the day named in the writ to drop all other business for the purpose of hearing the return to a petition which would never have been granted if the court or a quorum of the justices had been consulted beforehand. The evil consequences of this practice were not alone the interruption to more important business of the court, but the unnecessary expense to counties involved in the production of prisoners at the bar of the court in response to writs issued upon petitions insufficient on their face and often utterly frivolous in the light of the facts developed at the hearing.

In view of these inconveniences, it was long ago agreed among the members of the court that if a petition was addressed to one justice he should, if he issued the writ, make it returnable before himself, and not before the court, and that if the party desired a hearing before the court he should be

required to address his petition to the court, so that a majority of the justices could determine whether upon the matters alleged it was proper to issue the writ at all, and, if so, when the matter could be conveniently heard. Ever since this agreement was reached I have consistently adhered to the practice indicated. But long as the practice has prevailed it seems not to have been generally understood, and petitions are still in many instances addressed to the chief justice alone, with the expectation of having a hearing before the court. Heretofore such mistakes have not involved any serious trouble or inconvenience, as they could always be corrected by merely changing a few words in the caption of the petition. But since the amendment to section 1475 of the Penal Code, above cited, it has become more important that the practice in these cases should be generally understood. The effect of that amendment, as I understand it, is to put an end to the practice heretofore prevailing of going from one judge to another of no greater authority with the same petition for a writ of *habeas corpus,* in order to secure from one relief that has been denied by another. Among its provisions is the following: "In the event, however, that the prior writ was returned or made returnable before a district court of appeal, or any justice thereof, no writ can be issued upon a second or other application except by the supreme court or some judge thereof, and such writ must be made returnable before said supreme court or some judge thereof."

As I construe this clause of the section, it does not mean that after the district court of appeal has by the unanimous decision of the three judges remanded a prisoner on *habeas corpus* a single justice of this court may issue a new writ upon a similar petition, returnable before himself, and upon the hearing overrule the decision of the district court of appeal and discharge the prisoner. It means only that when a single judge of the district court of appeal has remanded a prisoner a single justice of this court may overrule his decision upon the return of a new writ issued by him, but when the order of remand has been made by the district court of appeal the new writ, if issued at all, must be made returnable before the supreme court in Bank, where alone rests an authority superior to that of the district court of appeal, and where alone its decisions can with any propriety be corrected or reviewed.

Entertaining these views, I very reluctantly issued the writ in this case, making it returnable before myself, but upon an understanding with counsel for petitioner that unless the court would consent to hear the matter the proceeding would necessarily be dismissed. My associates having, upon due consideration of the matter, declined to order a hearing of the petition before the whole court, the writ was discharged and the prisoner remanded.